Marina Lang, Cal Bar No. 251,087
mlang@socalip.com
Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Beast Cookie Company, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| Monster Energy Company, | No. 5:23-cv-00568-MWF-MRW |
|---|---|
| Plaintiff, | Memorandum in Support of Beast Cookie's Motion to Dismiss Complaint |
| v. | Date: Monday, June 12, 2023 |
| Beast Cookie Company, LLC, | Time: 10:00 a.m. |
| Defendant. | Judge Fitzgerald |

**TABLE OF CONTENTS**

A. Introduction ...............................................................................................1

B. Facts..........................................................................................................2

    1. Monster's Claims ...............................................................................2

    2. Previous Dealings between the Parties..............................................3

C. Argument..................................................................................................4

    1. Complaints must have enough plausible allegations of underlying facts to overcome a Rule 12(b)(6) motion........................................4

    2. Laches ................................................................................................4

        a. The factors used to determine whether laches exists favor a holding of laches..........................................................................4

        b. A shortcut: instead of weighing the *E-System* factors, the Court can apply the presumption of laches for delay beyond the statute of limitations period. ...................................................................5

Memorandum in Support of Beast
Cookie's Motion to Dismiss Complaint     i     Monster Energy v. Beast Cookie
No. 5:23-cv-00568 MWF-MRW

      1) Because the Lanham Act has no statute of limitations, the California statute of limitations for analogues claims applies. .................................5

      2) Suing after the analogous state limitations period creates a presumption that laches bars the suit. .......................................................5

      3) Monster delayed more than four years. ...........................................5

      4) A two-year statute of limitations applies under California law. ........6

   c. Conclusion on the presumption of laches ................................................8

  3. Beast Cookie's cookie packaging uses no Monster trade dress. ......................8

  4. Beast Cookie Instagram posting is nominative fair use. ...............................10

  5. Beast Cookie's use of UNTAMED ENERGY is not likely to cause confusion with Monster's UNLEASH-inclusive marks................................11

  6. Dismissing the Cal. Bus. & Prof. Code § 17200 claim is proper because the complaint alleges no act other than the trademark and trade dress claims for support and because the complaint fails to allege Beast Cookie obtained money or property from Monster. ..................12

D. Conclusion ................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                             **Page(s)**

*Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747 (9th Cir. 2018) ....................... 9

*Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114 (9th Cir. 2002) ............................................................................................................. 4

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341–49 (9th Cir.1979) ............................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 4

*Bijan Nikoopour v. Ocwen Loan Servicing, LLC*, No. 17cv2015-MMA (WVG), 2018 WL 3007918 (S.D. Cal. June 14, 2018) ...................................... 12

*Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378 (9th Cir. 1987) ........................... 9

*Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001) ............................................................ 7

*E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604 (9th Cir. 1982) ............................. 5, 8

*Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 2002) ......................... 11

*Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180 (N.D. Cal. 2015) .............................. 8

*Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473 (1986) ..................................... 7

*High Country Linens, Inc. v. Block, No. C 01- 02180 CRB*, 2002 WL
    1998272 (N.D. Cal. Aug. 20, 2002) .................................................................. 7

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterp., Inc.*, 559 F.3d 985
    (9th Cir. 2009) ................................................................................................ 6-7

*Int'l. Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819 (9th Cir. 1993) ................ 9

*Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912 (9th
    Cir.1980) ............................................................................................................ 7

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002) ..... 1, 5, 6

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) .................... 12

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) ........................................ 12

*Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975 (9th Cir. 2006) ............................... 6

*Mission Imports., Inc. v. Superior Court*, 31 Cal. 3d 921 (1982) ............................... 7

*Murphy v. Hartford Acc. & Indem. Co.*, 177 Cal. App. 2d 539 (1960) ...................... 7

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ........................................................ 4

*New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302
    (9th Cir. 1992) ................................................................................... 1, 2, 3, 10, 11

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir.1998) ............................... 7

*Pinkette Clothing, Inc. v. Cosmetic Warriors, Ltd.*, 894 F.3d 1015 (9th Cir.
    2018) ................................................................................................................... 7

*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700–20 (9th Cir. 2004) ................ 7

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) ............................................... 12

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .............................................................. 4

*Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005) ........ 11-12, 12

*Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465
    F.3d 1102 (9th Cir. 2006) ...................................................................................... 5

**Statutes**

15 U.S.C. § 1125 ....................................................................................................... 5

Cal. Bus. & Prof. Code § 17200 ....................................................................... 12, 13

Cal. Civ. Proc. Code § 339 ............................................................................... 6, 7, 8

Cal. Civ. Proc. Code § 343 .................................................................................. 7, 8

**Rules**

Fed. R. Civ. P. 12 .................................................................................................. 4, 12

Memorandum in Support of Beast
Cookie's Motion to Dismiss Complaint

iv

Monster Energy v. Beast Cookie
No. 5:23-cv-00568 MWF-MRW

**MEMORANDUM IN SUPPORT OF BEAST COOKIE'S MOTION DISMISS COMPLAINT**

A. INTRODUCTION

Plaintiff Monster sells energy drinks, beverages that have a dose of caffeine as a stimulant. Defendant Beast Cookie sells energy cookies, a bakery product promoted on its packaging as being vegan, non-GMO, soy-free, egg-free, and dairy-free. Monster does not sell cookies, and Beast Cookie does not sell drinks.

If a claim is "filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002) (citing cases from other federal court of appeals). Over four years before Monster sued, it filed an opposition proceeding in the Patent and Trademark Office against another Beast Cookie trademark. While that opposition was pending, Beast Cookie had two earlier filed, pending trademark applications. Monster thus delayed and is time-barred from litigating against Beast Cookie's 2018 marks now, over four years later.

Since 2018, Beast Cookie continued to grow its business and goodwill with no opposition from Monster. Beast Cookie is prejudiced by Monster's unreasonable delay. This Court and the applicable law do not reward those who sit on their rights. Rather, the case law in this district teaches would-be defendants that they may rely on an accuser's failure to sue to protect them.

Monster's complaint pleads no facts that prevent all its claims from being barred by laches. The only facts pled by Monster that aren't over four years old are its allegations relating to an alleged social media post by Beast Cookie on Instagram showing a live photo taken of some trash, namely, a Beast cookie package laying atop a crushed Monster can and a crushed can of another company's energy drink. Monster alleges the post trades on Monster's good will. But the post is non-infringing, nominative fair use. *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302 (9th Cir. 1992).

Monster also alleges Beast Cookie infringes Monster's trade dress by using the same color scheme as Monster. No reasonable jury could find trade dress infringement by comparing Beast Cookie's bag of cookies with a Monster drink can. The differences in the respective parties' overall goods and product packaging, i.e., cans versus wrappers and cookies versus drinks, far outweigh any alleged similarities on the face. Monster cannot contend it owns all packaging that uses black and green for all energy products especially because its use of two common colors is not a source identifier.

Monster also claims Beast Cookie's UNTAMED ENERGY and BEAST COOKIE logo registered trademarks are "confusingly similar to Monster's UNLEASH-inclusive marks," including UNLEASH THE BEAST!. Monster does not have exclusive rights, but Beast Cookie does not have exclusive rights to the "un" prefix especially when it combines "un" with "leash," which looks and sounds nothing like Beast Cookie's "un" combined with "tamed." Monster also does not have exclusive rights to the term "energy" which it has disclaimed in its registrations. It cannot monopolize every "un" word and deny others the right to use "un."

**B. FACTS**

    **1. Monster's Claims**

Monster sells and distributes energy drinks using the MONSTER, MONSTER ENERGY, UNLEASH THE BEAST!, and 〰️ marks. Compl. ¶¶ 7–8. All goods for UNLEASH THE BEAST! and other "Beast" marks are beverages except for promotional items for beverages such as clothing or sporting events. *Id.*, ¶ 11 (Monster's chart of its registration).

Monster alleges defendant Beast Cookie sells BEAST energy cookies (Compl. ¶ 29), which it promotes at www.beastenergycookie.com. *Id.* ¶ 28. The cited webpage shows the mark as a logo (to the right). Beast Cookie filed to register the mark on November 15, 2018,

and the USPTO granted the registration on November 19, 2019, Registration No. 5,916,482. *Id*., ¶¶ 31, 32 and Ex. 1. Beast Cookie also applied to register UNTAMED ENERGY on November 14, 2018, which issued as No. 6,137,010 on August 21, 2020. Ex. 2.

### 2. Previous Dealings between the Parties

Monster filed an opposition proceeding in the USPTO in June 2019 against Beast Cookie's BEAST ENERGY COOKIE mark (standard characters), Serial No. 88242135. Exhibit 3 is a copy of the Notice of Opposition. That opposition from 2019 mirrors the complaint here. The complaint here adds several Monster trademarks and made these minor, new allegations: (1) Beast Cookie's Instagram page showed a bag of its cookies with its trademark on top of two collapsed cans of energy drinks, one of which is Monster's (Compl. ¶ 35); (2) it used the hashtag #monster on social media (*Id.*, ¶ 36); (3) it sponsors athletes and athletic events (*Id.*, ¶ 37); (4) it uses the tagline "untamed energy," which allegedly is confusingly similar to Monster's trademarks that include "unleash" (*Id.*, ¶ 38); and it uses a similar color-scheme (*Id.*, ¶ 39).

The USPTO opposition ended when Beast Cookie filed an express abandonment of its application on December 7, 2019. (Ex. 4).

When Monster filed its opposition in June 2019 against BEAST ENERGY COOKIE standard character mark, it had to know about Beast Cookie's claim of rights in the Beast Cookie Co. logo and UNTAMED ENERGY marks and their pending applications.

After Beast Cookie abandoned its BEAST ENERGY COOKIE application involved in the opposition, until Monster sued, Monster neither contacted Beast Cookie nor complained about Beast Cookie's products, trademarks, or trade dress.

## C. ARGUMENT

### 1. Complaints must have enough plausible allegations of underlying facts to overcome a Rule 12(b)(6) motion.

Motions to dismiss under FED. R. CIV. P. 12(b)(6) test the claims' legal sufficiency. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A plausible claim for relief "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) …." *Twombly*, 550 U.S. at 555 (citations and footnote omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring enough factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks omitted)). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### 2. Laches

#### a. The factors used to determine whether laches exists favor a holding of laches.

In determining whether delay is unreasonable in a trademark case, courts consider six factors:

1. strength and value of trademark rights asserted 2. plaintiff's diligence in enforcing mark 3. harm to senior user if relief denied 4. good faith

ignorance by junior user 5. competition between senior and junior users; and 6. extent of harm suffered by junior user because of senior user's delay.

*E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1982); *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006).

### b. A shortcut: instead of weighing the *E-System* factors, the Court can apply the presumption of laches for delay beyond the statute of limitations period.

#### 1) Because the Lanham Act has no statute of limitations, the California statute of limitations for analogues claims applies.

"When a federal statute lacks a specific statute of limitations, we generally presume that Congress intended to 'borrow' the limitations period from the most closely analogous action under state law." *Jarrow*, 304 F.3d at 836 (also noting the Lanham Act has no statute of limitations) (citations omitted).

#### 2) Suing after the analogous state limitations period creates a presumption that laches bars the suit.

If a § 43(a) [15 U.S.C. § 1125(a)] "is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit." *Jarrow*, 304 F.3d at 836. The complaint, ¶ 51, alleges violations of § 43(a) and other Lanham Act claims.

"[T]he limitations period runs from the time the plaintiff knew or should have known about his § 43(a) cause of action," *Id*. at 838. Any party that starts an opposition proceeding in the PTO should have known about its opponent's other pending application and registrations. Since both were pending over four years before Monster sued here, laches is presumed.

#### 3) Monster delayed more than four years.

Monster's opposition against BEAST ENERGY COOKIE mark (standard characters) began on June 21 and ended December 7, 2019. Exs. 3 and 4. The Beast

Cookie Co. logo application was pending from November 15, 2018, and November 19, 2019. Ex. 1. UNTAMED ENERGY was pending from November 14, 2018 and until August 25, 2020. Ex. 2. Thus, both applications were filed over four years before Monster sued here. Though the Beast Cookie Co. logo and the UNTAMED ENERGY applications were pending during the opposition, Monster took no action against them.

Any party that starts an opposition in the PTO should have known about its opponent's other pending application and registrations. Since the Beast Cookie Co. logo and the UNTAMED ENERGY applications were pending over four years before Monster sued here, its failure to sue within four years of filing both applications presumes laches.

### 4) A two-year statute of limitations applies under California law.

The most analogous state law claims under California law are common law or statutory trademark infringement. Both, however, lack a specific statute of limitations. Ninth Circuit cases are inconsistent ascertaining the analogous state-law action for Lanham Act claims. Though cases mention a four-year statute of limitations, Cal. Code Civ. Proc. § 339, the two-year catch-all limitations period for tort claims, is the analogous California statute of limitations because trademark infringement sounds in tort.

Several cases use *without analysis* a four-year limitations period to which the parties agreed because the delay was beyond the agreed period. *See Jarrow*, 304 F.3d at 838 (parties agreed to apply three-year statute of limitations for fraud); *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006), (applying by agreement California's general four-year catch-all limitation); *Internet Specialties W., Inc. v.*

*Milon-DiGiorgio Enterp., Inc.*, 559 F.3d 985, 990 n. 2 (9th Cir. 2009) ("Neither party disputes the imputation of the four-year limitations period ….").[1]

A three- or four-year statute of limitations contradicts California law. The California Supreme Court held in *Mission Imports., Inc. v. Superior Court,* 31 Cal. 3d 921, 931 (1982), "An action for trademark infringement sounds in tort."[2] So California's two-year catch-all limitations period for tort claims (Cal. Civ. Proc. Code § 339), instead of the four-year catch-all provision (Cal. Civ. Proc. Code § 343), should apply. It is the catch-all limitations period for tort claims. *Murphy v. Hartford Acc. & Indem. Co.*, 177 Cal. App. 2d 539, 544 (1960); *Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986) (trade libel); *Cusano v. Klein*, 264 F.3d 936, 950 (9th Cir. 2001) (right of publicity). *See High Country Linens, Inc. v. Block*, No. C 01-02180 CRB, 2002 WL 1998272, at *2 n.1 (N.D. Cal. Aug. 20, 2002) ("[C]ommon law trademark infringement claim is also limited by Cal. Civ. Proc. Code § 339."). Section 343, on the other hand, applies only when no other applicable limitations period governs.

The Ninth Circuit relied on the general tort statute of limitations when ruling on other states' statutes of limitations for state trademark infringement claims. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 719–20 (9th Cir. 2004), used Montana's general tort statute of limitations. The court cited *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998) (noting that trademark infringement is "akin to a tort case" for jurisdiction); and *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir.1980) (holding trademark infringement is a species of this generic concept of the "business tort of 'unfair competition.'").

---

[1] Citing *Internet Specialties*, the court in *Pinkette Clothing, Inc. v. Cosmetic Warriors, Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018), applied California's four-year statute of limitations for trademark infringement actions as the most analogous state statute of limitations, but it failed to note the parties in *Internet Specialties* agreed to four years.)

[2] The court in *Mission Imports* decided a venue issue, not a trademark infringement issue.

*Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180 (N.D. Cal. 2015), considered whether the two-year limitations period for tort claims in Section 339 applies. The court stated, "[T]he line of cases assuming the four-year limitation period in Section 343 is applicable to trademark infringement and unfair competition claims is questionable." *Id*. at 1189–90. But the court did not need to resolve the issue because the plaintiff in *Fitbug* delayed over four and a half years. *Id*.

### c. Conclusion on the presumption of laches

Whether a two-year or four-year presumption of laches based on the analogous statute of limitations applies, laches here is presumed. Nothing in the complaint states facts applying the *E-Systems* factors, 720 F.2d at 607, that could excuse the delay.

### 3. Beast Cookie's cookie packaging uses no Monster trade dress.

The complaint alleges, "Defendant is also using a trade dress confusingly similar to the Monster Trade Dress to market and sell its energy cookies." Compl. ¶ 30. The photo below on the left shows a package of Beast Cookie's cookies, and the one on the right shows a can of Monster's beverage from the complaint. *Id*. ¶ 10.[3]

 

---

[3] This brief was filed with color photos.

   Monster claims Beast Cookie use of "the color combination green and black" is likely to cause confusion. Compl. ¶ 39.[4] The allegation of trade dress infringement is not plausible.

> [A] manufacturer's mere use of a certain color will not automatically grant it proprietary rights—the manufacturer must establish all the normal requirements for trademark protection, including secondary meaning. Until secondary meaning has been established in every distinguishable shade of color and in no color at all, a highly improbable situation, there will always be an option available to a new market entrant.

*Int'l. Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 824 (9th Cir. 1993) (citation omitted). The test of secondary meaning is the effectiveness of the effort to create it. *Id*. at 802. *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378 (9th Cir. 1987), affirmed a finding of lack of secondary meaning despite plaintiff's extensive advertising because the advertising "did not attempt to engender consumer identification with the [Prestone antifreeze] yellow, F-style jug. It did not, for example, urge consumers to look for the "familiar yellow jug." *Id.* at 1383. The complaint alleges no "look for" advertising or other facts that might support secondary meaning.

> Likelihood of confusion in the trade dress context is evaluated by reference to the same factors used in the ordinary trademark context: strength of the trade dress, similarity between plaintiff's and defendant's trade dress, evidence of actual confusion, marketing channels used, type of goods and likely degree of purchaser care, and the defendant's intent in selecting its trade dress."

*Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 755 (9th Cir. 2018) (citations omitted). The photos speak for themselves. The overall impressions are so different that no reasonable jury could find trade dress infringement.

---

[4] But see the photographs in paragraph 18, p. 12, showing gray and white and tan and brown cans.

### 4. Beast Cookie Instagram posting is nominative fair use.

The photo of Beast Cookie's cookies on crushed cans of a Monster beverage and a third party's beverage (likely Red Bull), Compl. ¶ 35 and copied above, neither infringe Monster's trade dress nor its trademark. It is nominative fair use.

*New Kids* introduced the nominative fair use concept, 971 F.2d at 308. There, the defendant publication had a contest to choose the favorite New Kids singer. The court held when nominative fair use applies, a defendant's use does not infringe because it "lies outside the strictures of trademark law: Because it does not implicate the source-identification function that is the purpose of trademark, it does not constitute unfair competition; such use is fair because it does not imply sponsorship or endorsement by the trademark holder." *Id.*

When nominative fair use becomes an issue, this test from *New Kids* replaces the likelihood of confusion test of *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979):

> First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service;[7] and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

971 F.2d at 308, (text of footnote 7 is discussed below with *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 895 (9th Cir. 2019)). Members of the public viewing the photo of a crushed Monster can and third-party can under a bag of BEAST cookies will consider it a comparison of the products, i.e., BEAST cookies differ from MONSTER or generic energy drinks.

To compare BEAST cookies with MONSTER beverages, Beast Cookie must use the MONSTER mark. The court in *New Kids* used this example: "[O]ne might

refer to 'the two-time world champions' or 'the professional basketball team from Chicago, but it's far simpler (and more likely to be understood) to refer to the Chicago Bulls." *New Kids*, 971 F.2d at 308. Without using a photo of a MONSTER can, Beast Cookie could not compare its cookies to Monster's beverage.

Dicta in footnote 7 of *New Kids* said a competitor could use the words "Coca–Cola or Coke, but would not be entitled to use Coca–Cola's distinctive lettering." *Id*. at 308, n. 7. But defendants in *New Kids* were newspapers conducting a survey, "Which one of the New Kids is the most popular?" Here, plaintiff prints MONSTER on its cans, and a photograph of part of the MONSTER can identifies the product. Using the can also conveys the message of which product Beast Cookie asserts is better.

The second *New Kids* factor, use only so much of the mark as is reasonably necessary, applies here. Beast Cookie used only enough to identify Monster's trademark because it shows a Monster beverage can. Beast Cookie satisfies the third factor, creating nothing to suggest sponsorship or endorsement by Monster. The photo suggests cookies from BEAST COOKIES is an energy food like MONSTER drinks.

### 5. Beast Cookie's use of UNTAMED ENERGY is not likely to cause confusion with Monster's UNLEASH-inclusive marks

Paragraph 11 of the complaint lists Monster's trademark it asserts are at issue here. Some include the word "unleash," e.g., UNLEASH THE BEAST! for fruit juice and other drinks. The complaint alleges Beast Cookie's UNTAMED ENERGY registered trademark "is confusingly similar to Monster's UNLEASH-inclusive marks." Compl. ¶ 38.

Though summary judgment is "generally disfavored in the trademark arena," *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) (citation omitted), "where no material issues of fact are raised reflecting confusion between the marks, summary judgment is appropriate. *Surfvivor Media, Inc. v. Survivor*

*Prods.*, 406 F.3d 625, 628 (9th Cir. 2005). The court in *Surfvivor* found no infringement after it analyzed likelihood of confusion under all the *Sleekcraft* factors. *Id.* at 631–34. The same rationale applies to Rule 12(b)(6) motions.

Beast Cookie also does not have exclusive rights to the "un" prefix especially when Monster combines "un" with "leash." UNLEASHED looks and sounds nothing like Beast Cookie's "un" combined with "tamed."

    **6. Dismissing the Cal. Bus. & Prof. Code § 17200 claim is proper because the complaint alleges no act other than the trademark and trade dress claims for support and because the complaint fails to allege Beast Cookie obtained money or property from Monster.**

Monster's allegation of unfair competition under section 17200 begins, "By its acts alleged herein …." (Compl. ¶ 33). Thus, it only relies on Beast Cookie's acts in the other claims for relief. But section 17200 complaints "must plead or allege that a business practice independently forbidden by law has occurred. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). *See also Bijan Nikoopour v. Ocwen Loan Servicing, LLC*, No. 17cv2015-MMA (WVG), 2018 WL 3007918, at *5 (S.D. Cal. June 14, 2018) (citing *Korea Supply* and holding plaintiff stated no Section 17000 where the alleged unfair competition act was in other claims for relief in the complaint). Monster must plead *other* acts independent of its other trademark and trade dress claims.

Plaintiffs in actions under section 17200 "are generally limited to injunctive relief and restitution." *Somers v. Apple, Inc.*, 729 F.3d 953, 962 n.4 (9th Cir. 2013). "Restitution" in these cases "compel[s] a [§ 17200] defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply,* 29 Cal. 4th at 1144–45. *See also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336 (2011) (holding section 17200 recovery is limited to "money or property … lost by a plaintiff" and "acquired

by a defendant." The complaint has no claim that Beast Cookie acquired Monster's money or property.

### D. CONCLUSION

Laches bars all claims for relief because Monster delayed over four years after it knew or should have known Beast Cookies claimed rights in the marks here. The motion also showed Beast Cookies' packaging does not create confusion with Monster's cans' trade dress, and Beast Cookies' use of UNTAMED ENERGY does not cause a likelihood of confusion with Monster's "unleash" marks. Beast Cookies' use of a photo of a Monster can is nominative fair use. Last, Monster's claim under Cal. Bus. & Prof. Code § 17200 does not state a claim because the statute does not apply to trademark infringement and related claims.

Defendant Beast Cookies requests that the Court grant this motion in full.

May 10, 2023

/s/ *Michael Harris*
Michael Harris
SoCal IP Law Group LLP

Attorneys for Defendant Beast Cookie Company, LLC