UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  EDCV 23-568-MWF (MRWx)**          **Date:  June 15, 2023**
Title:      Monster Energy Co. v. Beast Cookie Co., LLC

Present:    <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

     Deputy Clerk:                  Court Reporter:
     Rita Sanchez                   Not Reported

     Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
     Present                         Present

Proceedings (In Chambers):      ORDER DENYING MOTION TO DISMISS [12]

     Before the Court is the Motion to Dismiss (the "Motion") filed by Defendant Beast Cookie Company, LLC on May 10, 2023.  (Docket No. 12).  Plaintiff Monster Energy Company filed an Opposition on May 22, 2023.  (Docket No. 13).  Defendant filed a Reply on May 28, 2023.  (Docket No. 14).

     The Court has read and considered the Motion and held a hearing on **June 12**, **2023**.

     The Motion is **DENIED** as follows:

- **DENIED** as to laches.  Defendant cannot establish Plaintiff's unreasonable delay as a matter of law at this stage.

- **DENIED** as to the trade dress claim.  Plaintiff sufficiently alleges a likelihood of confusion between Plaintiff's and Defendant's product packaging and marketing materials.  Plaintiff also sufficiently alleges that its trade dress has acquired secondary meaning.

- **DENIED** as to the request to dismiss allegations related to Defendant's Instagram post and UNTAMED ENERGY mark.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:      Monster Energy Co. v. Beast Cookie Co., LLC

- **DENIED** *as moot* as to the UCL claim to the extent that Plaintiff seeks
  restitution.  As discussed at the hearing, Plaintiff only seeks injunctive
  relief through the UCL claim.

## I.      BACKGROUND

Plaintiff, a Delaware corporation with its principal place of business there,
commenced this action on March 3, 2023.  (Complaint (Docket No. 1) ¶ 1).

As alleged, Plaintiff is a nationwide leader in the business of developing,
marketing, selling, and distributing beverages, including energy drinks.  (*Id.* at ¶
7).  In 2002, Plaintiff launched its MONSTER ENERGY® drink brand, bearing
various trademarks including its well-recognized UNLEASH THE BEAST!®
mark.  (*Id.* ¶ 8)*.*  Since 2002, Plaintiff has consistently used a distinctive black and
green trade dress on the product packaging and promotional materials for its
MONSTER ENERGY® drink brand.  (*Id.*).  Images of Plaintiff's flagship original
MONSTER ENERGY® drink, the container of which displays the UNLEASH
THE BEAST!® mark and the Monster Trade Dress, are shown below.



(*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 23-568-MWF (MRWx)**          **Date:  June 15, 2023**

Title:     Monster Energy Co. v. Beast Cookie Co., LLC

Plaintiff alleges that it owns at least 19 federal trademark registrations for the UNLEASH THE BEAST!® mark and its family of other BEAST-inclusive marks.  (*Id.* ¶¶ 11, 12, Exs. A1–A19).  Plaintiff also alleges ownership in valid and subsisting federal statutory and common law rights to the BEAST marks.  (*Id.* ¶ 14).

Since 2002, Plaintiff has sold more than 48 billion cans of its MONSTER® line of drinks worldwide and sales of the MONSTER® line of drinks have generated over $107 billion in estimated total retail revenues internationally. The vast majority of Plaintiff's cans bearing its MONSTER® marks also display one of Plaintiff's BEAST Marks and the Monster Trade Dress.  (*Id*. ¶ 16).

Defendant is in the business of producing, selling, and distributing caffeinated energy cookies.  (*Id.* ¶ 28).  Defendant has sold, offered to sell, and marketed energy cookies bearing trademarks, including "Beast Energy" and "Beast Cookie," that Plaintiff alleges are similar to their BEAST marks.  (*Id.* ¶ 30). Plaintiff alleges that Defendant also uses a green and black trade dress and claims that the use of this color combination is likely to cause confusion.  (*Id.*).



(*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:       Monster Energy Co. v. Beast Cookie Co., LLC

According to Plaintiff, Defendant sells its products through the same retail outlets that they use, including gas stations and convenience stores.  (*Id.* ¶ 33). Plaintiff alleges that Defendant in late 2022 began expanding its channels of trade to include additional retailers that they use, including Costco, Walmart, and Amazon.  (*Id.*).  Plaintiff alleges that Defendant was aware of Plaintiff's valuable trademarks and trade dress, as reflected in an Instagram post from Defendant displaying a package of their product on top of a crushed MONSTER ENERGY® can.  (*Id.* ¶ 35).



(*Id.*).

Plaintiff alleges that Defendant's trademarks and packaging are confusingly similar to Plaintiff's marks and trade dress and are likely to cause consumers to believe that Defendant's goods are associated with Plaintiff when they are not.  (*Id.* ¶¶ 40, 41, 43).

Based on these allegations, the Complaint asserts five claims for relief against Defendant:  (1) Trademark Infringement, Trade Dress Infringement, and False Designation of Origin under 15 U.S.C. § 1125(a); (2) Trademark Infringement under 15 U.S.C. § 1114; (3) Petition for Cancellation of U.S Trademark Registration No. 5,916,482 pursuant to 15 U.S.C § 1119; (4) Violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023

Title:      Monster Energy Co. v. Beast Cookie Co., LLC

California's Unfair Competition Law (the "UCL") under California Business &
Professions Code § 17200, *et seq.*; and (5) Unfair Competition under California
common law.  (*Id.* ¶¶ 47–80).

## II.    **LEGAL STANDARD**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic
v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their
Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks
a cognizable legal theory or (2) fails to allege sufficient facts to support a
cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).
"To survive a motion to dismiss, a complaint must contain sufficient factual matter
. . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678
(quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are
legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the
conclusory nature of respondent's allegations, rather than their extravagantly
fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props.
E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although
'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual
proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to
cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at
995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain
and all reasonable inferences that may be drawn therefrom, the complaint alleges a
plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.
Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining
whether a complaint states a plausible claim for relief is 'a context-specific task
that requires the reviewing court to draw on its judicial experience and common
sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*,
556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:       Monster Energy Co. v. Beast Cookie Co., LLC

## III.   DISCUSSION

Through the Motion, Defendant argues that Plaintiff's claims are barred by laches as the majority of Plaintiff's allegations are over four years old.  (Motion at 1).  Defendant also argues that Plaintiff has failed to allege sufficient facts to plausibly assert its trade dress and unfair competition claims.  (*See id.* at 1–2).

### A.    Laches

"Laches is an equitable time limitation on a party's right to bring a suit . . . resting on the maxim that 'one who seeks the help of a court of equity must not sleep on his rights.'"  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).  A party raising the doctrine of laches is required to show (1) plaintiff's unreasonable delay in filing the suit, and (2) prejudice to defendant.  *Id.*

"A laches defense raised at the motion to dismiss posture requires exclusive reliance on the factual allegations in the complaint."  *Nelson Bros. Pro. Real Est. LLC v. Jaussi*, Case No. SACV 17-158-DOC (JCGx), 2017 WL 8220428, at *5 (C.D. Cal. June 27, 2017) (citation omitted).  "Courts have noted that this postural requirement poses a nearly insurmountable obstacle to a favorable resolution of a defendant's fact-dependent laches claim."  *Id.*

Plaintiff argues that laches should be presumed because Plaintiff's applications to register the Beast Cookie Co. logo and the UNTAMED ENERGY mark were pending since November 15, 2018, over four years before Plaintiff filed the Complaint.  (Motion at 5–6 (citing Declaration of Michael Harris ("Harris Decl.") (Docket No. 12-1), Exs. 2–4).  Plaintiff contends that Defendant should have been aware of these applications because Defendant filed an opposition on June 21, 2019, against Plaintiff's separate application to register the BEAST ENERGY COOKIE mark.  (*Id.*).

Defendant argues that Plaintiff improperly relies on facts outside of the Complaint, specifically exhibits attached to the Harris Declaration, in an attempt to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023

Title:      Monster Energy Co. v. Beast Cookie Co., LLC

establish the filing dates of Plaintiff's trademark applications and Defendant's prior opposition proceeding.  (Opposition at 9–10).  Defendant argues these exhibits are not incorporated into or even referenced in the Complaint and therefore cannot be considered on a motion to dismiss.  (*Id.*).  Plaintiff responds that the exhibits are documents from the United States Patent and Trademark Office's website and are self-authenticating under Fed. R. Evid. 902(5).  (Reply at 2).

In the context of a motion to dismiss, a court may take judicial notice under Fed. R. Evid. 201 of "matters of public record" without converting the motion to dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001).  However, a court may not take judicial notice of a fact that is "subject to reasonable dispute."  *Id.* at 689.

Here, Defendant attempts to use its exhibits to establish that Plaintiff had constructive knowledge of Defendant's allegedly infringing activity in 2018 thereby starting the laches period.  (*See* Reply at 5 (citing *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1116 (9th Cir. 2018))).  However, the fact of such constructive knowledge is subject to reasonable dispute.  Even if the Court took notice of the dates in Defendant's various applications, it is disputable that Plaintiff's opposition of Defendant's BEAST ENERGY COOKIE mark in 2019 establishes that Plaintiff should have known of Defendant's allegedly infringing marks in 2018.  Defendant does not cite authority that knowledge of one application imputes knowledge of all earlier applications.  Moreover, the parties dispute whether Defendant's intent-to-use application can impute knowledge that Defendant was using other infringing marks in commerce.  Plaintiff argues it had no reason to believe that Defendant was actually using its infringing mark in commerce or that Plaintiff could bring a claim for trademark infringement. (Opposition at 11 (citing *What-A-Burger of Virginia, Inc. v. Whataburger, Inc. of Corpus Christi, Texas*, 357 F.3d 441, 450 (4th Cir. 2004) ("The owner's mere knowledge that he might have an infringement claim at some future date is not sufficient to trigger the period of unreasonable delay required for estoppel by laches.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023

Title:      Monster Energy Co. v. Beast Cookie Co., LLC

The Court determines that Plaintiff's laches argument is inappropriate at the motion to dismiss stage, particularly given the ambiguity in the record regarding Defendant's knowledge of Plaintiff's use in commerce of various allegedly infringing marks.  The Court declines to convert the Motion into a motion for summary judgment to consider Plaintiff's evidence.  *See Teran v. Hagopian*, No. 07-CV-1476-OWW (GSAx), 2008 WL 4826124, at *6 n.1 (E.D. Cal. Nov. 5, 2008) ("[The defendant]'s motion to dismiss the [complaint] on the ground of laches raises matters outside the pleadings, which cannot be resolved at the motion to dismiss stage.  [The defendant] must raise this affirmative defense at summary judgment or trial."); *see also Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 1993) ("The facts evidencing unreasonableness of the delay, lack of excuse, and material prejudice to the defendant are seldom set forth in the complaint, and at this stage of the proceedings cannot be decided against the complainant based solely on presumptions.").  At this early stage, Defendant has not established Plaintiff's unreasonable delay in bringing this action or Plaintiff's inability to rebut a presumption of laches if such a presumption applied.

Accordingly, the Motion is **DENIED** as to laches.

### B.     Trade Dress Infringement

"A product's 'trade dress' is its total image and overall appearance; it includes 'features such as size, shape, color, color combinations, texture, or graphics.'"  *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1044 n.2 (9th Cir. 1998) (quoting *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989)).  In evaluating the elements of a trade dress claim, "it is crucial that [courts] focus not on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create."  *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001).  To state a claim for trade dress infringement, a plaintiff must allege facts showing that "(1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023**
Title:      Monster Energy Co. v. Beast Cookie Co., LLC

meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink, LLC v. MGA Entm't, Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009).

Defendant argues that Plaintiff's assertion of trade dress infringement fails because it is not plausible that Defendant's use of green and black is likely to cause confusion.  (Motion at 8–9).  Defendant argues that the overall impressions of the parties' products are so different that no reasonable jury could find trade dress infringement.  (*Id.* at 9).  Defendant also argues that the Complaint fails to allege facts that plausibly suggest that Plaintiff's trade dress has acquired secondary meaning.  (*See id.*).

### 1.  Likelihood of confusion

Plaintiff argues that it has pled facts which, accepted as true, plausibly entitle Monster to a finding of likelihood of confusion.  (Opposition at 14–15 (citing Complaint ¶¶ 15–27)).  Plaintiff argues that it has adequately alleged through pictures and words that the trade dresses are similar.  (*Id.* at 15 (reproducing the pictures below)).



(Complaint ¶¶ 8, 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:        Monster Energy Co. v. Beast Cookie Co., LLC

The parties agree that determining a likelihood of confusion is a fact-intensive inquiry.  Both parties acknowledge the following summation of the law:

> [T]he likelihood of consumer confusion is primarily a factual determination.  *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1355 (9th Cir. 1985).  Many courts have held that the likelihood of consumer confusion is not appropriate to determine at the motion to dismiss stage.  *See Lucent Techs. v. Johnson*, 2000 WL 1604055, at *2 (C.D. Cal. 2000) ("[T]he likelihood of confusion inquiry is a fact intensive evaluation ill-suited for disposition on a motion to dismiss."); *Dita, Inc. v. Mendez*, 2010 WL 5140855, at *5 (C.D. Cal. 2010); *Visual Changes Skin Care Int'l, Inc. v. Neways, Inc.*, 2008 WL 4723603, at *4 (E.D. Cal. 2008).

*RCRV, Inc. v. Gracing Inc.*, 2016 WL 11000048 at *2 (C.D. Cal. July 20, 2016).  Defendant argues that the trade dresses are so different that it can prevail on a Rule 12(b)(6) motion.  (Reply at 4 (citing *Brookfield Commc'n, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999) ("Where the two marks are entirely dissimilar, there is no likelihood of confusion.").

The Court disagrees.  Although there are some clear dissimilarities, Plaintiff has pled sufficient facts to survive a motion to dismiss by including photographs of the arguably similar trade dresses and an explanation of the prominent color schemes on the product packaging and marketing materials of both parties. (Complaint ¶¶ 8, 30, 39); *see Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. CV 20-4556-AB (JCx), 2021 WL 922074, at *5 (C.D. Cal. Jan. 7, 2021) (denying motion to dismiss trade dress infringement where complaint included side-by-side photos of products, despite otherwise lacking detail).

## 2. Secondary meaning

Defendant argues that Plaintiff has no trade dress rights in its green and black trade dress because Plaintiff has not established a secondary meaning in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:       Monster Energy Co. v. Beast Cookie Co., LLC

color combination.  (Motion at 9).  Plaintiff argues that it has adequately alleged secondary meaning in its trade dress in detailed paragraphs of the Complaint. (Opposition at 17 (citing Complaint ¶¶ 15–27)).

Even if a claimed trade dress is not inherently distinctive, a claimant may prove acquired distinctiveness over time, also known as "secondary meaning." *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 211 (2000).  Trade dress acquires secondary meaning when consumers associate the design features with a particular producer.  *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 967 (9th Cir. 2011).  "Secondary meaning and likelihood of buyer confusion are separate but related determinations."  *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 821 (9th Cir. 1980).

Some of the relevant factors for determining secondary meaning include the exclusivity, manner, and length of use of the trade dress, the amount and manner of advertising, the amount of sales, and proof of intentional copying by the defendant. *Art Attacks Ink*, 581 F.3d at 1145; *see also Levi Strauss & Co.*, 778 F.2d at 1358.

"Whether a particular trade dress [or trademark] has acquired secondary meaning is a question of fact[.]"  *Clicks Billiards, Inc.*, 251 F.3d at 1262. "Moreover, courts have determined that secondary meaning need only be pled generally for purposes of defeating a motion to dismiss."  *Dean v. Cortes*, Case No. CV 18-2335-CAS (JPRx), 2018 WL 3425016, at *6 (C.D. Cal. July 12, 2018) (citing *Spirit Clothing Co.*, Case No. CV 13-2203-RGK (PJWx), 2013 WL 12144107 at *3 (C.D. Cal. July 23, 2013); *see also Sugarfina, Inc. v. Sweet Pete's LLC*, Case No. CV 17-4456-RSWL (JEMx), 2017 WL 4271133, at *5 (C.D. Cal. Sept. 25, 2017).

Here, Plaintiff has adequately pled that its packaging and marketing materials covered with its green and black trade dress has acquired secondary meaning.  Plaintiff alleged that it sold more than 48 billion cans of its MONSTER line of drink, the vast majority of which display the Monster trade dress. (Complaint ¶ 16).  Plaintiff also provided representative pictures illustrating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)           Date:  June 15, 2023
Title:        Monster Energy Co. v. Beast Cookie Co., LLC

examples of its trade dress.  (*Id.* ¶ 18).  The complaint therefore alleges enough detail to survive a motion to dismiss.

Accordingly, the Motion is **DENIED** as to the trade dress infringement claim.

## C.  Defendant's Instagram Post and UNTAMED ENERGY mark

Defendant takes issue with paragraph 35 of the Complaint which includes an alleged Instagram post by Defendant that includes a picture of Defendant's cookies on the crushed cans of Plaintiff's beverage and a third party's beverage.  (Motion at 10).  Defendant argues that the photo is nominative fair use.  (*Id.*).

Plaintiff notes that, as stated in the Complaint, the purpose of this allegation is to show that Defendant had knowledge of Plaintiff and an intent to associate itself with Defendant.  (Opposition at 17–18 (citing Complaint ¶ 35)).  Plaintiff argues that because it brings no cause of action against the Instagram post and does not seek an injunction against the post, Defendant's motion to dismiss is not the correct procedural tool to eliminate an individual allegation of the Complaint.  (*Id.*).

Defendant does not address this argument in the Reply.

The Court agrees that the Motion's attack on the single allegation about the Instagram post cannot be construed as a Rule 12(b)(6) motion for failure to state a claim because it does not seek to dispose of an entire claim.  *See Hernandez v. Path, Inc.*, Case No. CV 12-1515-YGR, 2012 WL5194120 at *6 (N.D. Cal. Oct.19, 2012) ("Federal Rule of Civil Procedure 12(b)(6) is not an appropriate device to eliminate a portion of a claim."); *Thompson v Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) ("The Court is unaware . . . of any situation in which a Rule 12(b)(6) motion may be used to strike certain allegations in support of a claim, where the underlying claim itself is not challenged.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:        Monster Energy Co. v. Beast Cookie Co., LLC

Accordingly, the Motion is **DENIED** to the extent it seeks to strike paragraph 35 of the Complaint.

Defendant's request to dismiss allegations related to Defendant's UNTAMED ENERGY mark fails for a similar reason.  As Plaintiff points out, Defendant has not brought a claim against the UNTAMED ENERGY mark and seeks no injunction against its use.  (Opposition at 19).

Accordingly, the Motion is **DENIED** to the extent it seeks to dismiss allegations related to the UNTAMED ENERGY mark.

### D.    Unfair Competition

Defendant argues Plaintiff's unfair competition claim should be dismissed because Plaintiff does not plead acts independent of its other trademark infringement and trade dress claims.  (Motion at 12 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143, 131 Cal. Rptr. 2d 29 (2003)).  Defendant also argues that the unfair competition claim fails because Plaintiff does not allege that Defendant acquired Plaintiff's money or property.  (*Id.* at 12–13 (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336, 120 Cal. Rptr. 3d 741 (2011) (holding that section 17200 is limited to "money or property . . . lost by a plaintiff" and "acquired by a defendant"))).

Plaintiff argues it is entitled to plead trademark and trade dress infringement under the Lanham Act and also plead unfair competition under California law to take advantage of additional remedies provided by California law.  (Opposition at 20).

"By proscribing 'any unlawful' business practice, '[Business and Professions Code] section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the [UCL] makes independently actionable."  *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999).  "An unlawful business practice under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-568-MWF (MRWx)          Date:  June 15, 2023
Title:      Monster Energy Co. v. Beast Cookie Co., LLC

section 17200 is an act or practice, committed pursuant to business activity, that is at the same time *forbidden by law.*"  *Progressive West Ins. Co. v. Yolo County Superior Court,* 135 Cal. App. 4th 263, 287, 37 Cal. Rptr. 3d 434 (2005) (citation and internal quotation marks omitted).  "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200."  *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 539, 72 Cal. Rptr. 3d 888 (2008) (citation omitted).

Insofar as Plaintiff states plausible claims for trademark and trade dress infringement, Plaintiff also adequately asserts a claim for unlawful business practices under California's unfair competition law.  *See Cel–Tech Communications, Inc.,* 20 Cal. 4th at 180.

However, in actions under section 17200, plaintiffs "are generally limited to injunctive relief and restitution."  *Somers v. Apple, Inc.*, 729 F.3d 953, 962 n.4 (9th Cir. 2013).  A plaintiff may recover lost money in the form of restitution under the UCL, but not damages.  *See Korea Supply v. Lockheed Martin Corp.,* 29 Cal. 4th at 1152 (holding that "disgorgement of profits allegedly obtained by means of an unfair business practice" is not "an authorized remedy under the UCL where the profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest").  To show that it is entitled to restitution, a plaintiff must demonstrate that the defendant is in possession of money or property taken from her.  *See Groupion, LLC v. Groupon, Inc.,* 859 F.Supp.2d 1067, 1083 (N.D. Cal. 2012) (holding that restitution was unavailable because plaintiff "ha[d] not submitted any evidence or . . . argument, to show that [defendant] obtained money from [plaintiff] or that [plaintiff] otherwise ha[d] any ownership interest of any of [defendant's] profits," *citing Colgan v. Leatherman Tool Group, Inc.,* 135 Cal.App.4th 663, 699, 38 Cal.Rptr.3d 36 (2006) (a plaintiff can seek money or property as restitution only when the "money or property identified as belonging in good conscience to the plaintiff [can] clearly be traced to particular funds or property in the defendant's possession")); *Hill v. Opus Corp.,* 464 B.R. 361, 394

CIVIL MINUTES—GENERAL                                    14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 23-568-MWF (MRWx)**          **Date:  June 15, 2023**
Title:       Monster Energy Co. v. Beast Cookie Co., LLC

(C.D. Cal. 2011) (restitution is not available where the money claimed by plaintiff cannot be "traced to any particular funds in [defendants'] possession").

Here, Plaintiff has not alleged facts indicating that Defendant obtained Plaintiff's money or property or that Defendant is in possession of funds rightfully belonging to Plaintiff.  The Complaint therefore fails to plead facts showing Plaintiff has a plausible claim to restitution under the UCL.

Ordinarily, the Motion would have been granted with leave to amend as to the UCL claim to the extent it seeks restitution.  However, at the hearing, Plaintiff stated that it was only seeking injunctive relief through its UCL claim.  The Complaint will be so construed and dismissal as to restitution is now moot.  Because the UCL claim survives to the extent it seeks injunctive relief, there is no need for amendment of the Complaint.

Defendant shall answer the Complaint on or before **July 3, 2023.**

IT IS SO ORDERED.